**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

GIRON BLANCA EDITH,

Plaintiff,

-against-

YOUNG PINETREE CORP., EUNHEE JI, INSANG JI, AND MARGOT SOLEDAD FIGUEROA-JARA,

Defendants.

---------------------------------------------------------X

**CIV. ACTION NO.**

**COMPLAINT**

Plaintiff, GIRON BLANCA EDITH ("Plaintiff"), as and for her Complaint against Defendants, YOUNG PINETREE CORP. ("Young Pinetree"), EUNHEE JI ("Eunhee Ji"), INSANG JI ("Insang Ji"), and MARGOT SOLEDAD FIGUEROA-JARA ("Figueroa-Jara") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Young Pinetree, Eunhee Ji, and Insang Ji, own and operate a laundromat in Lawrence, New York known as Pinetree Laundromat. Figueroa-Jara also operates Pinetree Laundromat as its primary manager.

2. Plaintiff worked for Defendants at Pinetree Laundromat.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime, minimum wages, and other relief related to her employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

8. Plaintiff is a resident of the State of New York.

9. Upon information and belief, Eunhee Ji and Insang Ji are residents of the State of New York.

10. Figueroa-Jara is a resident of the State of New York.

11. Young Pinetree is a domestic business corporation duly organized and existing under the laws of the State of New York.

**FACTUAL ALLEGATIONS**

**Defendant Young Pinetree Corp.**

12. Young Pinetree maintains a principal place of business at 232 Lawrence Avenue, Lawrence, New York 11559.

13. At all times relevant to this Complaint, Young Pinetree had employees engaged in commerce or in the production of goods and services for commerce.

14. At all times relevant to this Complaint, Young Pinetree had employees who handled, sold, or otherwise worked on goods or materials that have been moved in or were produced for interstate commerce.

15. At all times relevant to this Complaint, Young Pinetree had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

16. During Plaintiff's employment, Young Pinetree maintained control, oversight, and direction over her, including timekeeping, payroll, and other employment practices.

17. At all times relevant to this Complaint, Young Pinetree was a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, employed Plaintiff.

**Defendants Eunhee Ji, Insang Ji, and Margot Soledad Figueroa-Jara**

18. At all times relevant to this Complaint, Eunhee Ji, Insang Ji, and Figueroa-Jara ran the daily operations of Young Pinetree, and participated in the management and supervision of Plaintiff and her work for Young Pinetree.

19. At all times relevant to this Complaint, Eunhee Ji and Insang Ji were owners, officers, managers, and/or principals of Young Pinetree and were actively involved in the operation and management of the business.

20. At all times relevant to this Complaint, Figueroa-Jara was a manager and/or principal of Young Pinetree and was actively involved in the operation and management of the business.

21. Eunhee Ji, Insang Ji, and Figueroa-Jara were regularly present at Young Pinetree's workplace, directed the work of employees, communicated with employees regarding work assignments and scheduling, and exercised authority over significant aspects of the company's day-to-day operations.

22. At all times relevant to this Complaint, Eunhee Ji, Insang Ji, and Figueroa-Jara possessed and exercised the authority to hire and terminate employees, set employee work

schedules, assign job duties, approve or modify employees' hours of work, and determine the method and rate of employee compensation.

23. Eunhee Ji and Insang Ji also supervised managers and employees, were responsible for payroll and personnel matters, had access to employee payroll and time records, and exercised control over Young Pinetree's compensation policies and practices, including those applied to Plaintiff.

24. During Plaintiff's employment, Eunhee Ji, Insang Ji, and Figueroa-Jara directly controlled the terms and conditions of Plaintiff's employment. Among other things, Eunhee Ji, Insang Ji, and Figueroa-Jara had the authority to determine Plaintiff's schedule, compensation, and continued employment, and was responsible for implementing and overseeing the pay practices challenged in this action. In particular, Eunhee Ji, Insang Ji, and Figueroa-Jara:

a. Were involved in the decision to hire Plaintiff;

b. Were involved in the decision to fire Plaintiff;

c. Determined and supervised Plaintiff's job duties;

d. Determined Plaintiff's pay rates, the method by which she was paid, and the frequency in which she was paid;

e. Determined Plaintiff's work schedule and the number of hours she worked each week; and

f. Made the decisions that form the basis of the wage and hour violations complained of herein.

25. At all times relevant to this Complaint, Eunhee Ji, Insang Ji, and Figueroa-Jara were employers within the meaning of the FLSA and the NYLL and employed Plaintiff.

**Defendants Constitute Joint Employers**

26. Eunhee Ji, Insang Ji, and Figueroa-Jara own, operate, and/or control Young Pinetree.

27. Eunhee Ji, Insang Ji, and Figueroa-Jara possesses operational control over Young Pinetree, possess an ownership interest in Young Pinetree, and/or control significant functions of Young Pinetree.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

30. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

31. Defendants jointly employed Plaintiff and were Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Plaintiff Giron Blanca Edith**

32. At all times relevant to this Complaint, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

33. Defendants employed Plaintiff for their benefit and at their direction.

34. Defendants employed Plaintiff from on or about May 9, 2023 until on or about July 18, 2026.

35. Defendants required Plaintiff to report a false number of hours every week. Thus, Defendants did not keep and maintain accurate time records that demonstrate the number of hours Plaintiff actually worked each week of her employment.

36. Based on her personal recollection, Plaintiff estimates that her weekly hours throughout her employment were as follows: Monday from about 2:00 p.m. until about 10:00 p.m.

(except for July and August each year when she began at about 1:00 p.m.), Tuesday from about 6:00 a.m. until about 2:00 p.m. (except for July and August each year when she ended at about 3:00 p.m.), Wednesday off, Thursday through Saturday from about 10:00 a.m. until about 10:00 p.m., and three hours on Sunday, for a total of approximately sixty-seven (67) hours a week, except in July and August each year when she worked approximately sixty-nine (69) hours a week.

37. From on or about May 9, 2023 through about the end of April 2024, Defendants paid Plaintiff $15.00 per hour.

38. From about the beginning of May 2024 through about the end of February 2025, Defendants paid Plaintiff $16.00 per hour.

39. From about the beginning of March 2025 through about the end of December 2025, Defendants paid Plaintiff $16.50 per hour.

40. From about January 1, 2026 through about July 18, 2026, Defendants paid Plaintiff $17.00 per hour.

41. Defendants paid Plaintiff straight-time for all hours worked.

42. From January 1, 2024 through about the end of April 2024, and again from January 1, 2025 through about the end of February 2025, Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

43. Defendants did not pay Plaintiff an overtime premium for any of the hours she worked in excess of forty (40) per week throughout her employment.

44. Defendants did not pay Plaintiff spread of hours compensation for any shift that exceeded a spread of ten (10) hours a day at a rate of one additional hour of pay at the minimum wage rate.

45. Defendants did not provide Plaintiff with a complete and accurate wage notice at hiring, or at any time thereafter, as required by NYLL § 195(1).

46. Defendants did not provide Plaintiff with complete and accurate paystubs, as required by NYLL § 195(3).

47. Because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, she was kept in the dark about how much she should have legally been paid.

48. Had Plaintiff received legally compliant wage notices and paystubs, they would have indicated that she was entitled to a higher hourly rate of pay (at least the statutory minimum wage rate), time and a half that rate for all overtime hours, and an extra hour of pay for working more than ten (10) hours a shift.

49. Plaintiff would have compared those amounts to the amounts she actually received, and she would have been able to question and confront her employer as to why she was receiving less than she was legally entitled.

50. Because Plaintiff was not provided complete and accurate wage notices and paystubs, Defendants were able to conceal these wage violations.

51. Had Defendants provided Plaintiff with such wage notices and paystubs, she would have advocated for herself, consulted an attorney, and brought this lawsuit much earlier to enforce her rights under state and federal law.

52. However, because Defendants did not provide Plaintiff with wage notices and paystubs, she could not rectify the situation, which directly resulted in her continued underpayment of wages.

53. Defendants were aware of Plaintiff’s work hours but failed to pay her the proper wages to which she was entitled under the law.

54. Upon information and belief, Defendants were aware of the federal and state wage and hour laws.

55. Upon information and belief, Defendants knowingly disregarded the federal and state wage and hour laws.

56. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

57. Plaintiff has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

58. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60. Defendants are subject to the overtime pay requirements of the FLSA because Young Pinetree is an enterprise engaged in commerce or engaged in the production of goods for commerce.

61. At all times relevant to this Complaint, Young Pinetree had two (2) or more employees who handled goods or materials that have moved in interstate commerce, including Plaintiff.

62. Upon information and belief, the gross annual volume of sales made or business done by Young Pinetree in each applicable year was not less than $500,000.00.

63. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

64. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, et seq.

65. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

66. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

67. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

68. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

69. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for whether their conduct violated the FLSA.

70. Defendants did not act in good faith with respect to the conduct alleged herein.

71. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

72. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

74. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

75. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

76. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

77. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

78. Defendants have not acted in good faith with respect to the conduct alleged herein.

79. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

82. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

83. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

84. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS**

85. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. As set forth herein, Plaintiff regularly worked a spread of hours beyond ten (10) per day during his employment with Defendants.

87. Defendants never paid spread of hours pay to Plaintiff as required by the NYLL.

88. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

89. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

90. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. Defendants willfully failed to furnish Plaintiff with wage notices upon hiring, as required by NYLL § 195(1), in English or in the language identified as Plaintiff's primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

92. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

93. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

94. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

95. Defendants willfully failed to provide Plaintiff with accurate written wage statements with each payment of wages, as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

96. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

97. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, minimum wages, and spread of hours compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
August 28, 2026

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com